**Appellate Department, Superior Court, San Bernardino**

[*Crim. A. No. 28. Nov. 10, 1955.*]

THE PEOPLE, Respondent, v. THELMA GARRIGAN, Appellant.

Cunningham, Parry & Holcomb and W. R. Holcomb for Appellant.

Lowell E. Lathrop, District Attorney (San Bernardino), and Alfred A. Wells, Deputy District Attorney, for Respondent.

HILLIARD, J.—This is an appeal from a judgment of conviction of violation of Business and Professions Code, section 25658, subdivision (a), following trial by the court without a jury. There is no substantial conflict in the evidence concerning the transaction which was the basis of the prosecution. It was established that appellant sold three six-packs of beer to a minor, aged 17. In defense appellant testified that she had sold beer to the same minor upon four or five previous occasions; that, on each of these occasions the minor had presented a Marine Corps Identification Card with statistical information identical in comparison with his physical appearance, and indicating that he was 22 years of age. Appellant further testified that at the time of the sale in question she did not demand or see any evidence of the minor's identification or age, since she was satisfied of his majority by the previous transactions.

The minor denied ownership or possession of such identification card, or that he had ever displayed such document to appellant.

No objection was made at the trial to the introduction of testimony concerning these prior sales. At the conclusion of the evidence the trial judge stated that there was no dispute as to the sale upon which the prosecution was founded; that the minor had denied showing an identification card at any time; and that the defendant was guilty as charged.

Thereafter counsel for appellant requested the judge to make a specific finding that the defense of identification

by documentary evidence of majority, as provided in section 25660, Business and Professions Code, was not available to a defendant in a criminal prosecution. Counsel now justifies this rather unusual procedure by asserting that the trial judge had indicated during the trial that he believed such to be the law and had, therefore, disregarded evidence in support of such defense. Counsel further states that, since no objection was made to the introduction of evidence supporting this defense, and no jury instructions were required, such procedure was his only method of creating a record for review of this point upon appeal.

In the post-trial colloquy between counsel and the court, and following the request for such finding, the trial judge stated that, in his opinion, the defenses available under Business and Professions Code, section 25660, applied only to suspension and revocation of license, and were not applicable in the case at bar.

Respondent contends that, with the question presented by the record in this condition, the point of law is not properly before this court upon appeal, and the remarks of the trial judge are dicta. I find no merit in this contention. Penal Code, section 1469, provides that upon an appeal by a defendant, the court may review "any question of law involved in any ruling, order, instruction, *or thing whatsoever said or done at the trial* or prior to *or after judgment,* which thing was said or done after objection made in and considered by the trial court and which affected the substantial rights of the defendant." It was the obvious intent of counsel for appellant, and the trial court, that the request for special finding be considered as an objection, and we shall so treat it.

Originally enacted as section 61.2(b) of Alcoholic Beverage Control Act, section 25660, was modified and added to Business and Professions Code in 1953. Although this case is governed by provisions of the section as it existed in 1953, it is significant to note the 1955 amendments which appear to represent an effort on the part of the Legislature to clarify some portions attacked by respondent herein as being ambiguous. Section 61.2(b), Alcoholic Beverage Control Act, provided as follows:

"In any criminal prosecution, or any proceeding for the suspension or revocation of any license issued under this act and based upon violation of said Section 61, proof that the defendant licensee or his agent or employee demanded and

was shown, before furnishing any alcoholic beverage to a minor, a motor vehicle operator's license or a registration certificate issued under the Federal Selective Service Act or other bona fide documentary evidence of majority and identity of such person, shall be a defense to such prosecution or proceeding for the suspension or revocation of any license.''

In 1953 the Legislature reenacted the section, with some changes, and it was added to the Business and Professions Code in the following form:

''In any criminal prosecution or proceeding for the suspension or revocation of any license based upon violation of Section 25658, proof that the defendant licensee, or his agent or employee, demanded and was shown, before furnishing any alcoholic beverage to a minor, a motor vehicle operator's license or a registration certificate issued under the Federal Selective Service Act or other bona fide documentary evidence of majority and identity of the person, is a defense to the prosecution or proceeding for the suspension or revocation of any license.''

By this enactment the Legislature changed some punctuation and language in the section. In particular, the comma following the word ''prosecution'' was omitted, and the word ''any'' preceding the phrase ''proceeding for the suspension'' was deleted. The section, as thus enacted, clearly referred to criminal prosecutions, or to proceedings for suspension or revocation of license resulting from the violation of section 25658. It follows that the trial court was in error in its ruling that such section was not available as a defense by appellant, who was prosecuted for violation of the section to which express reference is made in section 25660.

Further remarks of the trial judge before pronouncement of judgment indicate that he had considered the testimony of the minor to the effect that he had ''never at any time shown any identification of any kind.'' Such statement, however, when considered with the remarks immediately preceding, lead us to the conclusion that the court limited consideration of such evidence to its corroborative effect in support of the prosecution.

Appellant also contends that section 25660 does not impose a burden of demanding the showing of identification upon the occasion of each sale if the seller has previously examined documentary evidence of identity and age. If the section was susceptible of such construction, it has now been

clarified by the amendments enacted in 1955. The section now specifically requires that the demand and showing of evidence of *identity and majority* shall be accomplished "*immediately prior to* furnishing any alcoholic beverage to a person under 21 years of age. . . ." Although the section, as existing at the time of this prosecution, did not specifically require such demand and showing "immediately prior to" the sale, it did require such action "before" the sale. The section should be interpreted to apply to each individual sale, and any seller acting in violation of such requirement must have done so at his own risk.

Since it is conceded that appellant did not so comply with section 25660 on the occasion of the sale upon which this prosecution was based, it is obvious that appellant could not derive any comfort or protection from the defense available under such section. The ruling of the trial court, although an erroneous statement of the law, did not affect any substantial rights of the appellant.

Coughlin, P. J., and Mitchell, J., concurred.